# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Crim. Action No. 12-18E |
| | ) | |
| JOSEPH L. OLLIE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a *pro se* motion filed by Defendant Joseph L. Ollie ("Defendant" or "Ollie") titled "Motion to Dismiss Indictment and Vacate Sentence Challenging Jurisdictional Validity" ("Motion") [ECF: #41]. Defendant is charged with violating 18 U.S.C. §§ 922 (g)(1), (g) (8) and (j). Previously we have denied motions filed by Defendant *pro se* on the basis that he is represented by counsel. Defendant's present *pro se* Motion, however, attacks the jurisdiction of this Court over Defendant. In particular, Ollie argues that 18 U.S.C. §3231, the statute which bestows jurisdiction over violations of federal crimes on the federal district courts, is invalid because it was not properly enacted. See Motion, pp. 2, 4. ("Defendant is being charged and held under a void Indictment in which its statute reads Title 18, section that is unconstitutional because the Federal Government lacks jurisdiction to prosecute."). Therefore, we have addressed Defendant's *pro se* Motion on its merits and conclude that Defendant's Motion is frivolous and shall be denied in its entirety.

The argument raised by Ollie in this Motion is a perennial favorite of jailhouse attorneys.[1] The first time this argument was put before this Court was in 2009, see United States v. Wolford, 2009 WL 1346034 (W.D. Pa. May 13, 2009). Perhaps not coincidentally, that

---

[1] We hope Ollie has not paid any such jailhouse lawyer for this Motion.

defendant also was housed at the North East Ohio Correctional Center where Ollie currently is housed. We most recent analyzed this issue less than a year ago, in United States v. Turner, 2012 WL 464366 (W.D. Pa. Feb. 13, 2012). As we explained in our Turner decision:

> In United States v. Potts, 2007 WL 3036847 (3rd Cir. Oct.18, 2007), the United States Court of Appeals for the Third Circuit addressed this issue. In holding that section 3231 was properly enacted and is binding, the Potts court explained:
>
>> Section 3231 of title 18 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Therefore, where an indictment charges a defendant with violating the laws of the United States, section 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment. The 1948 amendment to that statute, Public Law 80–772, passed both houses of Congress and was signed into law by President Truman on June 25, 1948. Potts has provided no authority for his argument that there was a sine die recess between the votes of the House and Senate. The cases he cited stand for the contrary proposition. The statute relied upon for jurisdiction in this case was properly enacted and is binding. Section 3231 provides the district court with subject matter jurisdiction over drug distribution and murder charges such as Potts'.
>
> Id. at *2 (citations omitted). See also United States v. Wolford, 362 Fed.Appx. 231, 232 (3rd Cir.2008) (Wolford's "contention that he is being held in custody pursuant to an unlawful grant of jurisdictional authority because the criminal jurisdiction statute, 18 U.S.C. § 3231, was enacted by less than a quorum of Congress, is without merit. Section 3231 was properly enacted and is binding. The 1948 amendment to that statute, Public Law 80–772, passed both houses of Congress and was signed into law by President Truman on June 25, 1947." Citing United States v. Risquet, 426 F.Supp.2d 310, 311 (E.D. Pa. 2006)). See also Cardenas–Celestino v. United States, 552 F.Supp2d 962, 967 (W.D. Mo. 2008) (addressing the assertion that Congress had completely and fully adjourned sine die and concluding that "'There was no sine die recess between the votes of the House and Senate; rather, there was an inter-session adjournment between these events. The House of Representatives passed Public Law 80–772 in the first session of the 80th Congress, while the Senate passed Public Law 80–772 during the second session of that Congress. This recess, however, was an inter-session, not a sine die, recess. Bills passed by one house before an inter-session recess and by the other house after the recess are properly passed by Congress. Thus, Public Law 80–772 was passed by both houses before a sine die recess was called and, therefore, was properly enacted.'" (quoting United States v. Felipe, 2007 WL 2207804, *2 (E.D. Pa. July 30, 2007) (internal citations omitted)).

Id., 2009 WL 1346034 at **1-2. See also DeCarlo v. Hollingsworth, 2010 WL 5135883, *2 (S.D. Ill. Dec. 10, 2010) (same) (citing additional cases holding the same). Ollie's Motion does not contain any new/additional arguments that cause this Court to change its opinion with respect to whether 18 U.S.C. § 3231 was properly enacted and confers us with jurisdiction over the crimes for which Ollie was indicted. Therefore, for the reasons set forth in our Turner and Wolford decisions, we find that 18 U.S.C. § 3231 was constitutionally enacted and confers this Court with jurisdiction over the crimes with which Ollie has been charged.

Accordingly, this 4th day of January, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant Joseph L. Ollie's *pro se* "Motion to Dismiss Indictment and Vacate Sentence Challenging Jurisdictional Validity" ("Motion") [ECF: #41] is DENIED.

Maurice B. Cohill, Jr.
Senior District Court Judge

cc: counsel of record
Joseph L. Ollie
#33453068
NEOCC
2240 Hubbard Road
Youngstown, OH 44505

3