# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) CR 12-18E |
| JOSEPH L. OLLIE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM ORDER

Pending before the Court is Defendant Joseph L. Ollie's *pro se* "Motion for Ineffective Assistance of Counsel" ("Motion") and supporting exhibits.

Defendant's Motion is premature. To state a claim for ineffective assistance of counsel, a defendant must show both "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052 (1984). In other words, the defendant must establish "prejudice." Id. at 692. It is axiomatic that a criminal defendant cannot establish that he has been prejudiced by the errors of counsel until he has actually been convicted on criminal charges-if he is ultimately acquitted, he would have no claim for ineffective assistance regardless of how poorly his counsel performed. The defendant here has not yet had a trial on the pending criminal charges. The Motion, therefore, will be denied without prejudice to the defendant to raise any of these ineffective assistance of counsel claims at the proper time in these proceedings.

AND NOW, this 17th day of January, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant Joseph L. Ollie's "Motion for Ineffective Assistance of Counsel"

must be denied as premature; said denial is without prejudice to the defendant to raise any of these ineffective assistance of counsel claims at the proper time in these proceedings.

_____
Maurice B. Cohill, Jr.
Senior District Court Judge